USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PANTHEON PROPERTIES, INC., et al.,

                                                         Plaintiffs,                                  20-CV-3241 (ALC)(SN)

          -against-                                                                  ORDER

JOHNATHEN HOUSTON, et al.,

                                                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On April 29, 2021, Defendants filed a Motion to Lift the Attachment ("Attachment Motion"), and concurrently filed a motion for leave to file that Attachment Motion under seal. See ECF Nos. 81, 82. Defendants' April 29, 2021 motion to file the Attachment Motion under seal was a short letter that referred to the Stipulated Protective Order, ECF No. 61. Defendants asserted the Attachment Motion "refers to a document that Plaintiffs marked as 'Attorney Eyes Only,'" as defined in the Stipulated Protective Order. ECF No. 61.

The Court denied that motion that same day, noting that "Defendants have failed to adequately support their request" to seal the Attachment Motion. ECF No. 84. The Court directed Defendants to renew their motion with appropriate citations to case law and with a narrowed request. Id.

On May 6, 2021, Defendants filed a second motion to seal. ECF No. 86. Once again, Defendants referred to the Stipulated Protective Order. Id. Defendants also included a redacted version of their Attachment Motion. Defendants seek to redact portions of the Attachment

Motion which refer to documents marked "Confidential" or "Attorney Eyes Only" that Plaintiffs apparently believe contain trade secrets belonging to Plaintiffs. Id.

The question before the Court is not the propriety of the parties' Protective Order but rather the weight of the First Amendment and common law right of public access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Defendants' submission fails to address Lugosch and its progeny or explain why large portions of their legal brief must be shielded from the public. See id. at 119–20. It is only after balancing competing interests that a court may take the step of limiting public access to judicial documents. Id.

Defendants may renew their application to seal their Attachment Motion, but it must address the relevant standard. Accordingly, Defendants' motion at ECF No. 86 is DENIED without prejudice.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  May 18, 2021
        New York, New York