UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANTHEON PROPERTIES, INC.; and LUCALEX CORP., d/b/a PANTHEON PROPERTIES,<br><br>*Plaintiffs*,<br>v.<br><br>JOHNATHEN HOUSTON, JH CONSULTING FIRM LLC, MARVIN M. LOVE, and M & M LIGHTNING STRIKES,<br><br>*Defendants*. | Civil Action No.: 1:20-cv-03241-ALC<br><br>**JUDGMENT** |

The above-captioned action was tried to a verdict before this Court (the Honorable Andrew L. Carter, District Judge, presiding); and a jury of eight (8), in a trial commencing on May 16, 2023 and concluding on May 22, 2023, of the claims in plaintiffs Pantheon Properties, Inc. ("Pantheon") and Lucalex Corporation's ("Lucalex") (together with Pantheon, the "Pantheon Parties") Second Amended Complaint dated August 5, 2020 (ECF No. 46); and of the sole remaining counterclaim in defendants Johnathen Houston and JH Consulting Firm's (JHC) Answer and Counterclaim dated May 11, 2023 (ECF No. 125); and of the Pantheon Parties' affirmative defense to said counterclaim. (ECF No. 121).

**I.    CLAIMS SUBMITTED TO JURY**

At the close of evidence, the Pantheon Parties dismissed (i) their claims for conversion (Count I) and unjust enrichment (Count II) against defendants Marvin Love and M & M Lightning Strikes ("MMLS"); their claim for fraud (Count III) against defendants JHC, Marvin Love, and MMLS; and their claim for conspiracy to commit fraud (Count IV) against all defendants.

(a) At the time the case was submitted to the jury, the Pantheon Parties thus sought damages as follows:

1

    (i) Against defendants Houston, JHC, Marvin Love, and MMLS for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1962(c), (Count V);

    (ii) Against defendants Houston, JHC, Marvin Love, and MMLS for conspiracy to violate RICO, 18 U.S.C. Sec. 1962(d), (Count VI);

    (iii) Against defendants Houston and JHC for conversion, (Count I);

    (iv) Against defendants Houston and JHC for unjust enrichment, (Count II); and

    (v) Against defendant Houston for fraud, (Count III).

(b) Defendant Houston sought damages of $1,590.69 from the Pantheon Parties on his sole counterclaim for breach of contract.

## II. JURY'S VERDICT

The jury rendered a verdict:

(a) In favor of the Pantheon Parties and against all defendants for violation of RICO, 18 U.S.C. Sec. 1962(c), (Count V);

(b) In favor of the Pantheon Parties and against all defendants for conspiracy to violate RICO, 18 U.S.C. Sec. 1962(d), (Count VI);

(c) In favor of the Pantheon Parties and against defendants Houston and JHC for conversion, (Count I);

(d) In favor of the Pantheon Parties and against defendants Houston and JHC for unjust enrichment, (Count II);

(e) In favor of the Pantheon Parties and against defendant Houston for fraud, (Count III); and

(f) In favor of the Pantheon Parties and against defendant Houston on Houston's counterclaim for breach of contract. (ECF No. 125, ¶¶ 98-103).

## III.  DAMAGES AWARDED BY JURY

On the verdict form, (ECF No. 131); the jury awarded the following damages:

**(a) Compensatory Damages:**

    (i). For violation of RICO, 18 U.S.C. Sec. 1962(c), (Count V): **$278,276.26**;

    (ii). For conspiracy to violate RICO, 18 U.S.C. Sec. 1962(d), (Count VI): **$278,276.26**;

    (iii). For conversion, (Count I): **$278,276.26**;

    (iv). For unjust enrichment, (Count II): **$278,276.26**; and

    (v). For fraud, (Count III): **$278,276.26**.

**(b) Punitive damages:**

    (i). Against defendant Houston: **$100,000**; and

    (ii). Against defendant JHC: **$100,000**.

## IV.  ADDITIONAL STATUTORY DAMAGES, COSTS, AND INTEREST

(a) As prevailing plaintiffs on the claims for violation of RICO, 18 U.S.C. Sec. 1962(c), (Count V); and conspiracy to violate RICO, 18 U.S.C. Sec. 1962(d), (Count VI); the Pantheon Parties are entitled to recover three times their compensatory damages, *see* 18 U.S.C. § 1964(c); resulting in a damage award of **$834,828.78**.

(b) As prevailing plaintiffs on the common-law claims for unjust enrichment, conversion, fraud, the Pantheon Parties are further entitled to interest to verdict at the rate of 9% *per annum* pursuant to CPLR 5001 and 5004. With respect to each item of damages in Table 1 (attached hereto as Exhibit 1), prejudgment interest shall be deemed to have

accrued from the date on which each loss was incurred, *i.e.* the date on which each amount was paid from the account indicated in the second column in Table 1. Interest accrued as of the date of the verdict is **$86,078.95**.

(c) As prevailing plaintiffs on the common-law claims for unjust enrichment, conversion, fraud, the Pantheon Parties are further entitled to interest from verdict until the entry of judgment at the rate of 9% *per annum* pursuant to CPLR 5002 and 5004.

(d) As parties recovering a money judgment, the Pantheon Parties are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which interest shall be compounded annually pursuant to 28 U.S.C. § 1961(b).

(e) As prevailing plaintiffs on the claims for violation of RICO, 18 U.S.C. Sec. 1962(c), (Count V); and conspiracy to violate RICO, 18 U.S.C. Sec. 1962(d), (Count VI); the Pantheon Parties are further entitled to recover their reasonable attorneys' fees. The parties have stipulated that the Pantheon Parties' reasonable attorneys' fees are **$375,000**.

(f) On June 13, 2022, this Court (Netburn, Mag. J.) ordered that defendant Houston pay the Pantheon Parties $10,657.50 "forthwith" as sanctions for his discovery misconduct. (ECF No. 106 at 2). The parties agree that, as of the date of the jury's verdict, Houston had paid only $1,500 of this amount. Therefore, the Pantheon Parties are entitled to recover **$9,157.50** from Houston.

## V.   JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

(a) That **Johnathen Houston** is and shall be jointly and severally liable with JHC, Love, and MMLS in the following amounts, which the Pantheon Parties shall recover from him:

    (i) the amount of **$1,395,907.73**, consisting of:

        1. Compensatory damages: **$278,276.26** (Sec. III(a)(i)-(v));

        2. Punitive damages: **$100,000** (Sec. III(b)(i));

        3. Trebling of compensatory damages awarded for violations of 18 U.S.C. Sec. 1962(c) and (d): **$834,828.78** (Sec. IV(a));[1]

        4. Attorneys' fees: **$375,000** (Sec. IV(e)); and

        5. Interest to verdict on compensatory damages: **$86,078,95** (Sec. IV(b));

    (ii) Post-verdict, pre-judgment interest on the total in Sec. V(a)(i) (*i.e.* $1,395,907.73) pursuant to CPLR 5002 at the rate of 9% *per annum*, or **$344.20** per day, for a total of $4,818.8 (14 days between verdict and entry of judgment x $344.20 per day). (Sec. IV(c)).

    (iii) Post-judgment interest pursuant to 28 U.S.C Sec. 1961(a)[2] on the sum of $1,400,726.53 (*i.e.* the sum of $1,395,907.73, (Sec. V(a)(i)); and the total post-verdict, pre-judgment interest awarded in Sec. V(a)(ii)); at a rate of

---

[1] In order to avoid duplicative damages, the award of compensatory damages acts as a credit against the larger, trebled RICO amount and is thus subtracted from the total of the itemized damages in this Section V(a). The same credit has been applied to the totals in Sections V(b), V(c), and V(d).

[2] Pursuant to 18 U.S.C. Sec. 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court … at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." As of May 30, 2023, that rate was 5.21% *per annum*. *See* Bd. of Governors of the Federal Reserve Sys. (US), Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, available at FRED, Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/DGS1 (last accessed May 31, 2023).

5.21% *per annum* or $199.25 per day until satisfaction of the judgment. (Sec. IV(d)).

(b) That **JH Consulting Firm LLC** is and shall be jointly and severally liable with Houston, Love, and MMLS in the following amounts, which the Pantheon Parties shall recover from it:

   (i) the amount of **$1,395,907.73**, consisting of:

   1. Compensatory damages: **$278,276.26** (Sec. III(a)(i)-(v));
   2. Punitive damages: **$100,000** (Sec. III(b)(ii));
   3. Trebling of compensatory damages awarded for violations of 18 U.S.C. Sec. 1962(c) and (d): **$834,828.78** (Sec. IV(a));
   4. Attorneys' fees: **$375,000** (Sec. IV(e)); and
   5. Interest to verdict on compensatory damages: **$86,078.95** (Sec. IV(b));

   (ii) Post-verdict, pre-judgment interest on the total in Sec. V(b)(i) (*i.e.* $1,395,907.73) pursuant to CPLR 5002 at the rate of 9% *per annum*, or **$344.20** per day, for a total **$4,818.8** (14 days between verdict and entry of judgment x $344.20 per day) (Sec. IV(c)).

   (iii) Post-judgment interest pursuant to 28 U.S.C Sec. 1961(a) on the sum of $1,400,726.53 (*i.e.* the sum of $1,395,907.73, (Sec. V(b)(i)); and the total post-verdict, pre-judgment interest awarded in Sec. V(b)(ii)); at a rate of 5.21% *per annum* or $199.25 per day until satisfaction of the judgment. (Sec. IV(d)).

(c) that **Marvin Love** is and shall be jointly and severally liable with Houston, JHC, and MMLS in the following amounts, which the Pantheon Parties shall recover from him:

(i) the amount of **$1,209,828.78**, consisting of:

1. Compensatory damages: **$278,276.26** (Sec. III(a)(i)-(ii));
2. Trebling of compensatory damages awarded for violations of 18 U.S.C. Sec. 1962(c) and (d): **$834,828.78** (Sec. IV(a)); and
3. Attorneys' fees: **$375,000** (Sec. IV(e)).

(ii) Post-judgment interest pursuant to 28 U.S.C Sec. 1961(a) on the sum of $1,209,828.78 at a rate of <u>5.21%</u> *per annum* or <u>$172.69</u> per day until satisfaction of the judgment. (Sec. IV(d)).

(d) that **M & M Lightning Strikes** is and shall be jointly and severally liable with Houston, JHC, and Love in the following amounts, which the Pantheon Parties shall recover from it:

(i) the amount of **$1,209,828.78**, consisting of:

1. Compensatory damages: **$278,276.26** (Sec. III(a)(i)-(ii));
2. Trebling of compensatory damages awarded for violations of 18 U.S.C. Sec. 1962(c) and (d): **$834,828.78** (Sec. IV(a)); and
3. Attorneys' fees: **$375,000** (Sec. IV(e)).

(ii) Post-judgment interest pursuant to 28 U.S.C Sec. 1961(a) on the sum of $1,209,828.78 at a rate of <u>5.21%</u> *per annum* or <u>$172.69</u> per day until satisfaction of the judgment. (Sec. IV(d)).

(di) that **Johnathen Houston** is and shall be solely liable for, and the Pantheon Parties shall recover from him **$9,157.50**. (*See* Sec. IV(f)).

(dii) That the Pantheon Properties shall recover taxable costs as provided under Fed. R. Civ. P 54(d)(1), L. Civ. R. 54.1, and 28 U.S.C. Sec. 1920. The Pantheon Parties shall file a

notice of taxation of cost, together with a bill of costs, pursuant to Fed. R. Civ. P. 54(d)(1) and L. Civ. R. 54.1.

SO ORDERED.

SIGNED this 5th day of June, 2023

_____
Hon. Andrew L. Carter
United States District Judge